UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re | ) | Chapter 7 |
| | ) | |
| SUSAN A. HERTEL, | ) | Case No. 05-63018-PSH |
| | ) | |
| Debtor. | ) | Hon. Pamela S. Hollis |

**Application for Allowance and Payment of
Final Compensation of Joseph A. Baldi, as Trustee**

Joseph A. Baldi, not personally but solely as trustee ("Trustee") of the estate ("Estate") of Susan A. Hertel ("Debtor"), pursuant to sections 326 and 330 of title 11, United States Code ("Code"), requests this Court to enter an order allowing and authorizing payment to Trustee of $1,015.59 as final compensation for services rendered as trustee in this case from October 16, 2005 through the close of this case. In support thereof, Trustee states as follows:

**Introduction**

1. Debtor commenced this case on October 16, 2005 ("Petition Date") by filing a voluntary petition for relief under chapter 7 of the Code.

2. Joseph A. Baldi is the duly appointed, qualified and acting chapter 7 trustee in this case.

3. As of the commencement of this case, the Estate's primary asset was Estate's interest in certain bank accounts.

4. The bar date for filing claims in this case was May 30, 2006.

**Prior Compensation**

5. This is the first and final application ("Application") for allowance of compensation and expense reimbursement filed by Trustee in this case.

6. Trustee has not previously received or been promised any payments for services rendered or to be rendered in this case except as set forth above.

**Services Rendered by Trustee**

7.  Since his appointment in this case, Trustee has performed actual, necessary and valuable services on behalf of the Estate. Itemized billing statements describing the Trustee's services from the date of appointment through the close of the case are attached hereto as Exhibit A. Those services rendered by Trustee since his appointment in this case include but are not limited to the following:

A.  Trustee took control of the Debtor's cash in a bank account; obtained a turnover of those funds; and recovered gross proceeds of $4,000.00 on behalf of the Estate;

B.  Trustee reviewed and analyzed the Debtor's interest in other potential Estate assets; ultimately, the Trustee determined that there was no other property that was of value to the Estate;

C.  Trustee invested and accounted for all funds received by the Estate and set up and maintained all bank accounts for the Estate;

D.  Trustee set up and maintained a computerized case management system for the Estate in order to efficiently keep track of records relating to the Estate's case history, assets, claims and banking activities;

E.  Trustee prepared semi-annual reports required by the United States Trustee and met with representatives of the U.S. Trustee regarding the administration and status of the case;

F.  Trustee examined proofs of claim filed against the Estate; and

G.  Trustee otherwise administered this Estate and directed the allocation, liquidation and distribution of assets to creditors herein.

### Funds Collected and Disbursed by Trustee

8. Trustee has collected the sum of $4,062.37 on behalf of the Estate. Trustee has made $3.38 in disbursements in this case as of the date hereof.

9. Copies of the *Form I Individual Estate Property Record and Report and Form 2 Cash and Receipts Record* showing the disposition of the assets of this Estate are attached to the Trustee's Final Report, filed simultaneously herewith, as Exhibits B and C, respectively.

### Compensation Requested

10. During the period covered by this Application, Trustee has spent 11.30 hours rendering services on behalf of this Estate with a value of $1,832.00. Trustee estimates that he will spend an additional four hours rendering services with a value of $880.00 to obtain approval of the final report, make a final distribution to creditors and prepare and file his final account.

11. The maximum compensation allowable to Trustee pursuant to section 726 of the Code, based upon the receipts and disbursements listed above, is $4,062.37 as follows:

| | |
|---|---|
| 25% of the first $4,062.37 | $1,015.59 |
| Total allowable compensation | $1,015.59 |

Trustee proposes that the distribution to unsecured creditors will be 4.06%. Trustee does not anticipate that there will be a surplus of funds to be returned to the Debtor.

12. Based upon the caliber of the services rendered by Trustee and the results achieved in this case, Trustee requests allowance and payment of final compensation for his services rendered as trustee from the time of his appointment through the closing of this case in amount of $1,015.59. This amount represents reasonable compensation for the services rendered by Trustee and is within the maximum compensation allowable as set forth in paragraph 11 above.

13. An affidavit pursuant to Rule 2016 of the Federal Rules of Bankruptcy Procedure, executed by Joseph A. Baldi, as trustee, is attached hereto as Exhibit B.

14. Trustee requests that the compensation requested herein be paid from the Estate funds in his possession.

## Status of the Case

15. The Trustee has liquidated or abandoned all of the assets belonging to this Estate and completed his review and analysis of the claims filed against the Estate.

16. Trustee has completed and filed his Final Report simultaneously herewith.

WHEREFORE, Joseph A. Baldi, as trustee of the Estate of Susan A. Hertel requests the entry of an order providing the following:

A. Allowing to Trustee final compensation in the amount of $1,015.59 for actual and necessary professional services rendered and to be rendered on behalf of this Estate from October 16, 2005 through the closing of this case; and

B. For such other and further relief as this Court deems appropriate.

Dated: October 23, 2007         Joseph A. Baldi, as trustee of the estate of Susan
                                A. Hertel, debtor


                                By:_____/s/_____
                                        Joseph A. Baldi

Joseph A. Baldi
Attorney I.D. No. 00100145
Elizabeth C. Berg
Attorney I.D. No. 6200886
19 S. LaSalle St., Suite 1500
Chicago, IL  60603
(312) 726-8150

4

Trustee's Itemized Billing Statements

Exhibit A

**Joseph A. Baldi & Associates, P. C.**
19 S. LaSalle Street
Suite 1500
Chicago, IL 60603

**Phone:** (312) 726-8150
**Fax:** (312) 726-5067

**FEIN:** 36-4352753

**Invoice submitted to:**

Susan Hertel
Joseph A. Baldi, trustee
19 South LaSalle Street
Suite 1500
Chicago, IL 60603

October 30, 2007
Invoice No:   955

**In Reference to:**   *Hertel - Trustee Time*

## Professional Services

| Date | Staff | Description | Hours | Charges |
|---|---|---|---|---|
| 4/18/2006 | ECB1 | Hertel -- Process March 2006 bank statements; Reconcile accounts | 0.20 $140.00/ hr | $28.00 |
| 5/15/2006 | ECB1 | Process April 2006 bank statements; Reconcile accounts | 0.20 $140.00/ hr | $28.00 |
| 6/12/2006 | ECB1 | Perform internal audit of trustee banking files and corresponding databases | 0.20 $140.00/ hr | $28.00 |
| 6/20/2006 | ECB1 | Meet with examiners, provide case documentation and explain Trustee procedures in connection with DOJ quadrennial audit | 0.40 $140.00/ hr | $56.00 |
| 6/22/2006 | ECB1 | Process May 2006 bank statements; Reconcile bank accounts | 0.20 $140.00/ hr | $28.00 |
| 7/19/2006 | ECB1 | Process June 2006 bank statements (.1); reconcile accounts (.1) | 0.20 $140.00/ hr | $28.00 |
| 8/17/2006 | ECB1 | Review and process July 2006 bank statements (.1) Reconcile accounts (.1) | 0.20 $140.00/ hr | $28.00 |
| 9/07/2006 | ECB1 | Draft response to UST audit report | 0.70 $140.00/ hr | $98.00 |
| 10/17/2006 | ECB1 | Process September 2006 bank statements (.1) Reconcile accounts (.1) | 0.20 $140.00/ hr | $28.00 |
| 11/21/2006 | ECB1 | Process October 2006 bank statements; reconcile bank accounts | 0.10 $140.00/ hr | $14.00 |
| 12/19/2006 | ECB1 | Process November 2006; Reconcile Bank accounts | 0.20 $140.00/ hr | $28.00 |

**Joseph A. Baldi & Associates, P. C.**  10/30/2007

Hertel - Trustee Time

Page 2

| Date | Staff | Description | Hours/Rate | Amount |
|---|---|---|---|---|
| 12/26/2006 | ECB1 | Initial Review of Form 3 Notes for Trustee 2006 Annual Report to UST | 0.10 $140.00/ hr | $14.00 |
| 1/15/2007 | ECB1 | Process January 07 bank statements; Reconcile estate accounts | 0.20 $140.00/ hr | $28.00 |
| 2/12/2007 | ECB1 | Prep of 2006 annual reports | 1.20 $140.00/ hr | $168.00 |
| 2/15/2007 | ECB1 | Process January 2007 bank statements (.1) Reconcile trustee bank accounts (.1) | 0.20 $140.00/ hr | $28.00 |
| 2/20/2007 | ECB1 | Prepare Blanket Bond Report (.1) Prep premium check and transmittal to International Sureties (.1) | 0.20 $140.00/ hr | $28.00 |
| 3/20/2007 | ECB1 | Process February 2007 bank statements; Reconcile accounts | 0.20 $140.00/ hr | $28.00 |
| 4/17/2007 | ECB1 | Process March 2007 bank statements (.1) Reconcile accounts (.1) | 0.20 $140.00/ hr | $28.00 |
| 5/15/2007 | ECB1 | Finalize 2006 year end Form 1 and Form 2 per UST followup on annual review (.1) File same and email confirmation to UST (.1) | 0.20 $140.00/ hr | $28.00 |
| 5/29/2007 | ECB1 | Process April 2007 bank statements (.1) Reconcile Trustee bank accounts (.1) | 0.20 $140.00/ hr | $28.00 |
| 6/12/2007 | ECB1 | Process May 2007 bank statements (.1) Reconcile Trustee's bank accounts (.1) | 0.20 $160.00/ hr | $32.00 |
| 7/24/2007 | ECB1 | Process June 07 bank statements (.1) Reconcile Trustee bank accounts (.1) | 0.20 $160.00/ hr | $32.00 |
| 8/14/2007 | ECB1 | Process July 07 bank statements (.1) Reconcile Trustee's accounts (.1) | 0.20 $160.00/ hr | $32.00 |
| 9/18/2007 | ECB1 | Process August 07 bank statements (.1) Reconcile trustee's bank accounts (.1) | 0.20 $160.00/ hr | $32.00 |
| 10/03/2007 | ECB1 | Perform 3rd quarter status review for UST and update Trustee database | 0.20 $160.00/ hr | $32.00 |
| 10/10/2007 | ECB1 | Review claims (.6), docket and database (.3) re status of closing and probable distribution; Confer with RKP re preparation of TFR and final fee applications (.2) Prep case closing memo (.3) | 1.40 $160.00/ hr | $224.00 |
| 10/11/2007 | ECB1 | Process September 07 bank statements; Reconcile accounts | 0.10 $160.00/ hr | $16.00 |

## Joseph A. Baldi & Associates, P. C.

Hertel - Trustee Time

10/30/2007

Page   3

| Date | Description | Hours / Rate | Amount |
|---|---|---|---|
| 10/18/2007 | RKP Review documents for preparation of final report (.1); draft Trustee's final report (.5); input final administrative claims and prepare proposed distribution report (.3); review and edit documents (.1). | 1.00 $150.00/ hr | $150.00 |
| 10/22/2007 | EQB Compile documents in support of Trustee's Final Report (.5); edit Trustee's Final Report and related documents per J. Baldi (.4); prepare Trustee's Final Report package for submission to UST (.8) | 1.70 $160.00/ hr | $272.00 |
| 10/22/2007 | JAB Review, edit and execute final report package. | 0.60 $400.00/ hr | $240.00 |
|  | Total Hours | 11.30 | Total Fees $1,832.00 |

**Joseph A. Baldi & Associates, P. C.**

10/30/2007

Hertel - Trustee Time

Page    4

|  |  |
|---|---|
| Total New Charges | $1,832.00 |
| Previous Balance | $0.00 |
| Balance Due | $1,832.00 |

**Timekeeper Summary**

| Name | Hours | Rate |
|---|---|---|
| Elizabeth (1) C Berg | 5.50 | $140.00 |
| Elizabeth (1) C Berg | 4.20 | $160.00 |
| Joseph A Baldi | 0.60 | $400.00 |
| Ricki K Podorovsky | 1.00 | $150.00 |

Rule 2016 Affidavit

Exhibit B

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re | ) | Chapter 7 |
| | ) | |
| SUSAN A. HERTEL, | ) | Case No. 05-63018-PSH |
| | ) | |
| Debtor. | ) | Hon. Pamela S. Hollis |

**Trustee's Affidavit Pursuant to Rule 2016**

State of Illinois      )
County of Cook    )

I, Joseph A. Baldi, being first duly sworn upon oath, do depose and state as follows:

1. I am the duly appointed, qualified and acting trustee in this case and I have personal knowledge of the facts set forth herein.

2. I have read the Application for Allowance and Payment of Final Compensation of Joseph A. Baldi as trustee ("Application") and all of the factual matters set forth therein are true to the best of my knowledge, information and belief. I or my agents pursuant to my direction performed the services set forth and described in the Application.

3. I have not entered into any agreement with any other person or persons for the sharing of compensation received or to be received for services rendered in connection with this matter, except among the principals and associates of Joseph A. Baldi & Associates a law firm at which I was employed during the pendency of this case.

4. Further affiant sayeth naught.

_____
Joseph A. Baldi

Subscribed and Sworn to before me
on October 23, 2007

_____
Notary Public

"OFFICIAL SEAL"
Elizabeth C. Berg
Notary Public, State of Illinois
My Commission Exp. 06/16/2008

Exhibit B